ADAMS *v.* HART.

5-1450                                           309 S. W. 2d 719

Opinion delivered February 10, 1958.

*Cooper Jacoway* and *Wood & Smith,* for appellant.

*Parker Parker* and *Ben D. Rowland,* for appellee.

PAUL WARD, Associate Justice.   This appeal challenges the jurisdiction of the Probate Court to try title to real estate under the facts of this case.   The material facts are not in dispute.

Prior to 1929 J. C. Hart and his wife, Lillie J. Hart, owned and lived on a parcel of land located on Wolfe Street in the City of Little Rock.   In the year mentioned J. C. Hart executed a deed conveying said land to Ethel J. Hart, the only child of him and his wife.   Lillie J. Hart did not sign the deed.   In 1933 J. C. Hart died intestate, and in 1940 Ethel J. Hart died intestate leaving no lineal heirs. Soon after her death Cooper Jacoway was appointed administrator of the estate of Ethel J. Hart.

On February 11, 1943 the administrator filed his first and final account showing that there was personal property amounting to approximately $1,500 after payment of all debts of the estate.   The prayer was ''. . . that an order be entered approving your petitioner's action in turning over to Lillie J. Hart (Mrs. J. C. Hart) all of the assets of the said estate remaining after payment of the above claims, that administration of the estate of Ethel J. Hart, deceased, be terminated and your

petitioner discharged as administrator and all liability of himself and his bondsman on his administrator's bond be forever terminated and concluded." In due time the Probate Court ordered ". . . that the first and final account current of Cooper Jacoway, Administrator in the captioned estate, is hereby approved and confirmed in all things; and the action of Cooper Jacoway, Administrator, in turning over to Lillie J. Hart (Mrs. J. C. Hart) the net assets of the captioned estate remaining after payment of the lawful claims against it were paid is approved and confirmed in all things; that administration on the estate of Ethel J. Hart, deceased, be and the same is hereby terminated and forever brought to an end; that Cooper Jacoway is discharged as administrator on said estate; and the obligation and liability on the bond is terminated forever, the bondsmen released, and the liability shall forever be held for naught."

Mrs. Lillie J. Hart continued to live on the property in question after the death of her husband until she died testate on January 7, 1954. By her will she left (or attempted to leave) the property to Nina [Mrs. L. C.] Adams and Ethel Jacoway, appellants herein. At the time of Mrs. Hart's death there was no living lineal heir of J. C. Hart and there was (apparently) no living collateral heir except one J. Eben Hart, a nephew—appellee herein.

On December 26, 1955, appellee filed a Demand for Notice in "The Matter of the Estate of Ethel J. Hart, Deceased", and on April 27, 1956 appellee (by his attorneys) filed, under the same styled caption, a "Petition for Designation of Heirship". This petition set forth, in addition to the facts heretofore related, that the deed from J. C. Hart to Ethel J. Hart was void because Mrs. Hart did not sign it; that appellee was the sole surviving heir of said Ethel J. Hart, and; that appellee is entitled to be adjudged the owner in fee of said lands. The petitioner's prayer was that the order of February 11, 1943 above mentioned be set aside; that a day be set for a hearing on the petition, and; that upon a final determi-

nation appellee be adjudged the fee owner of the real estate involved.

Following the filing of the above petition, and after the court had fixed and continued a date for hearing and after the court had summarily set aside and held for naught the previously mentioned order of February 11, 1943, appellant, on September 9, 1956, filed a Motion to Dismiss the said petition. The reason assigned in the Motion was that the Probate Court had no jurisdiction to grant the relief prayed. Appellants' motion to dismiss was denied, and the court proceeded to a trial on the merits. From a decree, finding the court had jurisdiction under Section 173 of Act 140 of 1949 (Ark. Stats. § 62-2914) and adjudging appellee to be the owner as the sole heir of Ethel J. Hart in fee of the property in question, appellants prosecute this appeal.

Appellants make it clear in the beginning that "the question before this court does not involve the merits of the substantive question as to the ownership of the land". Again appellants say they "recognize and readily concede that the title to the lands involved in this case can and should be tried out in an appropriate Circuit Court or Chancery Court". We agree with the above, and we also agree with appellants that the Probate Court had no jurisdiction, under the facts above set forth, to determine the ownership of the land in controversy.

Aside from the fact that administration of the estate of Ethel J. Hart had been closed and the administrator discharged for approximately 13 years, the Probate Court had no jurisdiction under § 173 of Act 140 of 1949 (same as Ark. Stats. § 62-2914) even to determine heirship. It is not contended that under the law, as it existed at the time of the administration of the Ethel J. Hart estate, the Probate Court had any authority to determine heirship. It is clear, from subsections 2a. and 2 b. of Act 140 of 1949 (Ark. Stats. § 62-2002 a. and b.) that the said Act 140 is not retroactive. Therefore it must follow that the Probate Court,

in the matter before us, had no jurisdiction to entertain appellee's petition.

Likewise, under the law obtaining at the time of the administration of the Ethel J. Hart estate, real property was not an asset in the hands of an administrator unless it was necessary for the payment of estate debts but passed immediately, upon death of the intestate, to the heirs. See: *Dean* v. *Brown,* 216 Ark. 761 (at page 769), 227 S. W. 2d 623.

The record before us shows unquestionably that the administrator, in the Ethel J. Hart estate, did not need the land in question in order to pay debts. Thus, at the time appellee filed his petition herein, the title to the property in litigation was in precisely the same situation as if there had been no administration of the Ethel J. Hart estate. The controversy here therefore is between appellants, who claim title under the will of Lillie J. Hart, and appellee, who claims title as the sole heir of Ethel J. Hart. The proper jurisdiction for the determination of that controversy is either in Chancery Court or Circuit Court, depending on how it arises. Appellee also seems to take the position that appellants have waived their right to prosecute this appeal because they did not object to or appeal from an order of the Probate Court, made on May 4, 1956, in which "the order under date of February 11, 1943" was set aside. This contention is not tenable because the May 4, 1956 order was not a final (or appealable) order. Moreover this order appears to have been made without notice to appellants and after a subsequent hearing date had been set.

In reversing the decree of the Probate Court it is not our intention to adjudicate the conflicting claims of the respective parties to title of the land in question.

Reversed.

Judge MILLWEE, not participating.