HARDY *v.* ROSS.

5-3068                                          371 S. W. 2d 522

Opinion delivered October 21, 1963.

*Arnold & Hamilton,* for appellant.

*James A. Ross,* for appellee.

PAUL WARD, Associate Justice. This appeal, involving the probation of a will, presents a unique legal question in this state. The pertinent facts are not in dispute.

On September 8, 1910 Ruth Harris, eighteen years of age and unmarried, executed her will leaving the bulk of her property (real and personal) to her mother. Soon thereafter she became mentally incompetent and remained in that condition the rest of her life. Upon the death of Ruth in 1960 her will was admitted to probate over the objections of appellants who would have inherited part of the property had there been no valid will.

Appellees are the heirs of Ruth's mother and, if the will is sustained, will get the property, amounting to some $20,000 in realty and some $40,000 in personalty.

The ground on which appellants objected to probation of the will and on which they seek a reversal is set out below.

In 1910 (when the will was executed) a woman who was under 21 years of age had no power to execute a will conveying real property. The applicable statute on that date was Ark. Stat. Ann. § 60-102 (1947)—enacted in 1835. About eleven years before Ruth Harris died the law was changed by statute to provide that "any person of sound mind eighteen years of age or older may make a will". This statute was passed in 1949 and is now Ark. Stat. Ann. § 60-401 (Supp. 1961). It appears to be conceded by the parties (and we so hold) that if the 1835 statute governs the validity of the will this case must be reversed, but that it must be affirmed. if the 1949 statute governs.

It seems to be the contention of appellants that the statute in effect when a will is executed always governs its validity. To sustain their position appellants point out that § 60-401 (a section of Act 140 of 1949) was held not to be retroactive in the case of *Adams* v. *Hart,* 228 Ark. 687, 309 S. W. 2d 719. That opinion, where this Court· was concerned with jurisdiction of heirship, said that Act 140 is not retroactive. On the other hand appellees appear to contend that, in determining the validity of a will, the applicable statute in force when the testator dies is always controlling. In support of their position appellees quote from *Wilson* v. *Greer,* 50 Okla. 387, 151 Pac. 629, 129 ALR 864:

"A will is ambulatory during the life of its maker. It is, in effect, reiterated as his testament at each moment of his life after its execution, including the last moment, and is governed by the law existing at the time it takes effect, which is at the time of the ·testator's· death."

They also quote from *Wakefield, Ex'r.* v. *Phelps, Appt.,* 129 ALR 864, 37 N. H. 295, this statement:

"A will does not take effect, nor are there any rights acquired under it, until the death of the testator; and its construction and validity depend upon the law as it then stands."

They also quote to the same effect statements found in 57 Am. Jur. *Wills* § 61 and 68 C. J. *Wills* § 252.

After careful consideration of the scant authority we have been able to find bearing on the issue here presented, we have reached the conclusion that the governing statute (the one in force when the will is executed or the one in force when the testator dies) depends upon the factual situation of each particular case.

In reaching the above conclusion we approve the reasoning used and the result reached in the case of *Hoffman* v. *Hoffman, et al.,* 26 Ala. 535 (1855). The basic facts in the cited case were: Jacob Hoffman executed his will in 1848 with *two* attesting witnesses when the law in effect at that time required *three* witnesses. Before Hoffman died the law had been changed to require only *two* witnesses. The Supreme Court, in holding the will valid under the law in effect at the date of death of the testator, made the following statements:

"The Legislature unquestionably have the power to prescribe rules for the execution of wills, before a right has been vested in the devisee, legatee, or heir, by the death of the testator; and it was, therefore, entirely competent for them to fix the number of witnesses which were essential to the validity of any will, whether made before or after the passage of the statute; and in this aspect, the question is one of statutory construction simply.

\* \* \*

"If the statute had increased the number, and thus superadded a condition, we should then say, as the Court of King's Bench said in relation to the statute of Car.

II, that it applied only to wills made after its passage; but when its object is, not to abridge, but to enlarge the privileges of the testator, and to give effect to his will, then it falls within the principle by which devises, made in words which, by Legislative construction alone, include lands subsequently acquired, are extended to wills made before the law took effect.''

In line with the above, the rule is well stated in 57 Am. Jur. *Wills* § 230:

''Since no rights in property disposed of by will vest in others prior to the death of the testator, changes in the statutory requirements in respect of the method of the execution of a will may be made applicable to the will, previously executed, of a testator living when the amendatory statute became effective, without violating constitutional provisions protecting vested rights.''

We are in complete agreement with the statement contained in the first quotation from the *Hoffman* case above and when applied to the facts in the case under consideration we find it unnecessary to hold (as suggested by appellants) that § 60-401 operates retrospectively to amend § 60-102. Rather, we are merely applying § 60-401 to a situation that arose only when Ruth Harris died—*i.e.* after said section was enacted. The above situation is one where it is proper to apply the statute in force when the testator dies.

The last quotation from the *Hoffman* case above refers to a situation where it would be proper to apply the statute in force when the will was executed. If a will is executed in compliance with all requirements of the statute then in effect it obviously would be unreasonable and against the public interest for such will to be invalidated by a subsequent statute. In no event should such result be sanctioned unless the subsequent statute specifically provides that all preexisting wills (made in accordance with the former statute) are void. Any other conclusion would make the validity of all existing wills subject to the whim of every convening legislature.

In conformity with what we have previously said, we conclude that Ruth Harris' will was valid under the provisions of said § 60-401, and that the trial court correctly admitted said will to probate.

Affirmed.